# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**FREDERICK DONELL BOOTH**                                              **PETITIONER**

v.                                                    **CRIMINAL NO. 2:14-CR-39-KS-MTP-1**

**UNITED STATES OF AMERICA**                                              **RESPONDENT**

## ORDER

This cause comes before the Court on Fredrick Donell Booth's Motion for Release Pursuant to 18 U.S.C. § 3582 and the Cares Act of 2020 [77], to which the Government has responded [81]. Mr. Booth ("Petitioner") did not file a reply. Having considered the parties' submissions, the relevant legal authority, and the record in this matter, the Court finds the motion is not well taken and will be denied.

## I. BACKGROUND

On April 23, 2015, Defendant was convicted of one count of conspiracy to possess with intent to distribute five kilograms of cocaine hydrochloride and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and one count of engaging in monetary transactions in property derived from an unlawful activity, in violation of 18 U.S.C. § 1957. In January 2016, this Court sentenced him to 156 months and 120 months, respectively, to run concurrently, followed by ten years of supervised release. [63]. He is scheduled to be released on December 9, 2025. [77-1]. On July 25, 2022, Defendant moved this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A), relying on the threat of COVID-19. [77].

Petitioner is currently serving his sentence as Federal Prison Camp in Pensacola, Florida ("FPC Pensacola"). He is a non-violent offender, who has served more than two-thirds of his sentence. Petitioner states that he filed his First Step Request Form on or about December 7, 2021,[1] and that, as of the time of filing his motion, he had not received a response. Petitioner, who is 42 years old, acknowledges that he does not suffer from any specific health condition that heretofore has been recognized as an underlying condition that posed a considerable risk for contracting COVID-19, other than being "substantially overweight." [77] at p. 2. He also suffers from allergies and headaches. Defendant received the first dose of the Moderna COVID-19 vaccine on May 12, 2021 and the second dose on June 9, 2021. [83-1]. At the time of filing the motion, Petitioner asserted that FPC Pensacola was listed as a level 3 facility for Coronavirus protocols. However, as of the date of this Order, it was listed as a level 1. *See* https://www.bop.gov/coronavirus/.

## II. DISCUSSION

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." 18 U.S.C. § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to

---

[1] There is no record of the request in the record.

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing "extraordinary and compelling circumstances" warranting release.[2] Following the holding in *United States v. Shkambi*, a district court is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a). 993 F.3d 388, 393 (5th Cir. 2021).[3]

### A. Section 3553 Sentencing Factors

Petitioner argues that his time served is sufficient to satisfy the purposes of sentencing. In order to assess the veracity of this statement, the Court must look to the sentencing factors.[4] The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for

---

[2] In *United States v. Shkambi*, the Fifth Circuit held that the U.S. Sentencing Commission's policy statement as to what constitutes "extraordinary and compelling reasons" that may warrant a reduction in sentence (Section 1B1.13 of the Sentencing Guidelines) is not binding on district courts when considering *a prisoner's* motion for compassionate release under the First Step Act. 993 F.3d 388, 392-393 (5th Cir. 2021); *see also United States v. Cooper*, 996 F.3d 283, 285 (5th Cir. 2021) (noting the holding in *Shkambi*).
[3] To the extent some courts still find Section 1B1.13 of the Sentencing Guidelines informative in assessing medical conditions, as the Government argues, the Court finds the Petitioner does not meet any of the particular medical situations set forth in the policy statement.
[4] The Court addresses these factors first based on the Fifth Circuit's recent emphasis on the language in *Shkambi*: "Under § 3582(c)(1)(A), a district court may reduce a prisoner's sentence if, after considering the applicable § 3553(a) factors, the court finds that 'extraordinary and compelling reasons warrant such a reduction' and 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Schad*, No. 21-40393, 2021 WL 5119772, at *1 (5th Cir. Nov. 3, 2021) (quoting *Shkambi*, 993 F.3d at 392-393).

3

the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

The Court finds that these factors disfavor a sentence reduction. At the time of sentencing, the Defendant had a total offense level of 36 and a criminal history category of II, with a total guideline imprisonment range of 210 to 262 months. [62]. However, Petitioner received effectively only a 156-month sentence. Petitioner argues that with the coronavirus pandemic, just punishment does not warrant a sentence that includes exposure to a life-sentence. [77] at p. 9 (citing cases where serious health risks that could result in death equate to a life sentence). As will be discussed below, that is no longer the case given Petitioner's admitted lack of multiple serious risk factors and his vaccination status. The Court finds the sentence imposed to reflect the seriousness of his underlying offense, to promote respect for the law, and to provide just punishment for his conviction. A reduction in his sentence would demean the serious nature of the offense. Regardless, even if these factors favored a sentence reduction, there are neither extraordinary nor compelling circumstances in this case that would warrant such a reduction.

### B. Extraordinary and Compelling Circumstances

Petitioner argues that the continuing coronavirus pandemic is an extraordinary a compelling circumstance. The Court disagrees. For the following two reasons, the Court finds that Petitioner has failed to carry his burden to demonstrate "extraordinary and compelling circumstances" warranting release.

First, the fact that COVID-19 is still ongoing and poses a general threat to every non-immune person in the country, does not alone provide a basis for a sentence reduction. As the Third Circuit has noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). In that regard, as the Government stresses, "through an intensive effort over the past months, BOP has offered the vaccine to every inmate in BOP-managed institutions, with the exception of some inmates who were recently admitted at a facility after the administration of vaccines at that facility." [81] at p. 4.[5] At Pensacola FPC, as of August 26, 2022, BOP has fully vaccinated 59 staff members, and 419 inmates, including the Petitioner. As such, the mere threat of COVID-19, in light of Petitioner's vaccination status, is insufficient to warrant early release.[6] *Id*.

---

[5] In addition, the Government gives a thorough explanation of the BOP's response to the pandemic, which has culminated in a more than 10% decline in the BOP population, as well as a sharp decline in positive cases, with nearly all institutions currently reporting no cases or case numbers in the single digits. [81] at pp. 2-3.

[6] During the height of the pandemic, those who presented with a risk factor identified by the CDC and were not offered a vaccine could be eligible for release because they could have been considered a defendant who presents "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I). However, available vaccines now permit effective self-care against severe illness/death that may be caused by the virus. Accordingly, once a vaccine is available to an inmate, compassionate release is not warranted based on the mere threat of the virus. *See, e.g., United States v. Reed*, NO. 18-CR-0078, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) (Schmehl, J.) ("Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit."). As the Government notes, there are a plethora of now published cases where courts routinely deny relief to an inmate who has been vaccinated. *See* [81] at pp. 11-12 (citing six various cases).

Second, while the CDC had published a list of medical conditions that make one "more likely to get very sick from COVID-19,"[7] the Petitioner admittedly suffers from none of the listed conditions except for obesity.[8] While the Court applauds Petitioner's good behavior and educational accomplishments, given his lack of risk factors, coupled with his vaccination status, the Court finds that Petitioner has failed to show "extraordinary and compelling circumstances" warranting early release. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) (affirming denial of compassionate release and observing that "the district court properly considered the CDC guidance that was in effect at the time . . . Relying on official guidelines from the CDC is a common practice in assessing compassionate release motions.").

## III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Fredrick Donell Booth's Motion for Release Pursuant to 18 U.S.C. § 3582 and the Cares Act of 2020 [77] is DENIED.

SO ORDERED AND ADJUDGED this 18th day of October.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[7] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html
[8] Petitioner asserts that he also has elevated blood pressure, but he has not been diagnosed with hypertension. [77] at p. 2.